**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KWESI HUTCHFUL,

          Plaintiff - Appellant,

  v.

WELLS FARGO BANK, N.A.; et al.,

          Defendants - Appellees.

No. 11-55664

D.C. No. 2:11-cv-02856-DSF-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued February 7, 2012 and Submitted March 12, 2012
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Kwesi Hutchful appeals from the district court's denial of a preliminary

injunction barring a foreclosure sale of his condominium. He argues that

defendants (hereafter referred to collectively as "Wells Fargo") failed to comply

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

with California Civil Codes §§ 2923.5 and 2924. We affirm the district court's denial of relief.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A district court decision regarding preliminary injunction relief is subject to limited and deferential review and we will reverse only if the district court abused its discretion. *Flexible Lifeline Sys., Inc. v. Precision Lift*, 654 F.3d 989, 993-94 (9th Cir. 2011).

To the extent that the application of California Civil Codes 2923.5 and 2924 to Wells Fargo is not preempted by regulations promulgated under the Home Owners Loan Act, 12 U.S.C. § 1461 *et seq.*, *see Ngoc Nguyen v. Wells Fargo Bank*, 649 F. Supp. 2d 1022 (N.D. Cal. 2010), the statutes do not support Hutchful's request for injunctive relief. In *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010), the California Court of Appeal opined that "section 2923.5 is not preempted by federal banking regulations because it *is*, or can be construed to be, very narrow." *Id*. at 231 (emphasis in original). The court further opined that "the

2

*only* remedy provided is a postponement of the sale before it happens." *Id*. at 235 (emphasis in original).

In light of this case law, the district court properly construed the notice requirement of California Civil Code § 2923.5 as having been met by Hutchful's extensive discussions with Wells Fargo regarding loan modification. Similarly, the district court properly determined that Hutchful's allegations that Wells Fargo had not mailed a Notice of Default to him as required by California Civil Code § 2924 would not support a grant of relief. Wells Fargo submitted multiple affidavits of mailings of the Notice of Default to Hutchful. Although Hutchful argues that he did not receive these mailings, he does not deny that he received notice of the foreclosure sale, and eventually received the Notice of Default by mail well before the scheduled foreclosure sale.

Because Hutchful has not shown that he is likely to succeed on the merits, the district court's denial of a preliminary injunction is **AFFIRMED**.